**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| JCAI INC., an Ontario Corporation, and JCAI AMERICA INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WISELEAP SOLUTIONS INC., a Canadian Corporation, and EMYODE SERVICES CONSEILS INC., a Canadian Corporation,<br><br>Defendants. | Civil Action No. 3:23-cv-350-RCY |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), Local Civil Rule 16 and 26, and this Court's October 24 Order to conduct a Rule 26 conference, Plaintiffs JCAI Inc. and JCAI America Inc. ("Plaintiffs") conducted a telephonic conference on December 15, 2023, with Defendants Wiseleap Solutions Inc. and Emyode Services Conseils Inc. ("Defendants"). JCAI is represented by Fish & Richardson P.C. and Defendants are represented by Ice Miller LLP. The parties hereby stipulate and agree as follows:

**I.    DISCOVERY SCHEDULE**

A.    **Initial Disclosures**:  The parties shall serve their Rule 26(a)(1) initial disclosures by **January 2, 2024**.

B.    **Fact Discovery Deadlines**:  All fact discovery will be completed by **June 27, 2024**.

C.    **Discovery Format**:  The parties agree to produce all documents electronically in either their native format or in a format to be agreed upon by the parties. The parties

1

further recognize that certain files should be produced in native formats, including database files, spreadsheets (such as Excel files), and any other files (such as system, program, and sound files) which may not be amenable to conversion into the agreed upon electronic format without rendering a material part of those files or the information they contain, as a practical matter, unusable or unreviewable.

D. **Discovery Limitations**: Consistent with and in addition to the discovery limitations set forth in the Federal Rules of Civil Procedure, the parties further agree as follows:

1. Depositions shall be limited to a total of **ten (10)** non-expert deposition notices per side of party witnesses and non-party witnesses. The number of depositions may be extended only by agreement of the parties or with leave of the Court, and only upon a showing of good cause. Any notice for a deposition pursuant to Rules 30(b)(6) or 45 shall be served no later than **May 23, 2024**, and the parties agree to complete depositions of party witnesses and non-party witnesses by the fact discovery deadlines. The parties further agree to identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least five (5) business days in advance of the deposition date. Nothing in this section shall allow the deposition of a single non-expert witness for greater than seven (7) hours in a single day without agreement of the parties or leave of the court, except that for depositions that require translation, the maximum deposition time shall be

no more than fourteen (14) hours across two days (i.e., seven hours per day, unless otherwise agreed by the parties).

2.    The parties agree to cooperate to schedule depositions at a time and place convenient for both counsel and witnesses.

3.    The parties agree that all depositions will be taken under United States law and pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules, regardless of the actual location.

4.    The parties agree to be bound by Federal Rule of Civil Procedure 26(b)(4) as to discovery of expert materials.

5.    Each side may not serve on the other side more than **thirty (30) interrogatories**, including parts and subparts, without leave of the Court. Subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.

6.    Each side may not serve more than **thirty (30) requests for admission** on the other side, including parts and subparts, not including requests for admission necessary for the sole purpose of document authentication.

7.    Unless limited herein or by the Court's order, the parties shall otherwise abide by the discovery limitations set forth in the Federal Rules of Civil Procedure. A party may seek extensions of those limitations for good cause.

E.    **Clawback Provision:**    The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed *per*

3

*se* a waiver or impairment of any claim of privilege or protection. The parties agree to follow the procedure set forth in Federal Rule of Civil Procedure 26(b)(5)(B) as it relates to the inadvertent production or disclosure of privileged or otherwise protected materials.

F. **Electronic Discovery**: The parties will conduct electronic discovery in accordance with the Federal Rules of Civil Procedure.

    1. The parties plan to institute standard procedures for the preservation of documents, including electronically stored information. The parties agree that they do not need to retain copies of voice mails, text messages, or instant messages.

    2. The parties agree to enter a separate agreement concerning procedures for searching and producing email. However, general requests for production of documents under Federal Rule of Civil Procedure 34 shall not require searching email or other forms of electronic correspondence (collectively "email"), except that the parties agree to produce email that they are aware of that is responsive to a discovery request.

G. By **February 28, 2024**, Plaintiffs shall provide an initial disclosure of which claims of the patent-in-suit they intend to assert in their Initial Infringement Contentions.

H. By **March 6, 2024**, Plaintiffs shall serve their Initial Infringement Contentions and a document production that identify, as specifically as possible, the following information:

    1. An identification of all asserted claims, including the applicable statutory subsections of 35 U.S.C. § 271 asserted for each claim;

2.  Identifying information for each accused instrumentality of which Plaintiffs are aware;

3.  Claim charts identifying on a claim-by-claim and limitation-by-limitation basis, how Plaintiffs contends each accused instrumentality meets the requirements of the asserted claims;

4.  If indirect infringement is alleged, an identification of any direct infringement and an identification of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement;

5.  Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the accused instrumentality;

6.  For any patent-in-suit that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

7.  Production of all documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified, whichever is earlier;

8.  Production of the complete file histories for the patents-in-suit and any earlier patent or application to which (or through which) a priority claim is made;

9.  Production of all agreements to assign, license, or otherwise convey rights to or under any of the patents-in-suit;

10.    Plaintiffs shall produce documents sufficient to show marking of their own apparatus that they may allege practices any asserted claim;

11.    If a party claiming patent infringement alleges willful infringement, the basis for such allegation, including production of documents supporting such allegations.

12.    Plaintiffs shall serve Final Infringement Contentions, which may amend the Initial Infringement Contentions as of right, within fourteen (14) days after receiving an order on claim construction from the Court.

13.    Simultaneously with their Final Infringement Contentions, Plaintiffs shall serve an election of no more than five (5) asserted claims that they intend to assert at trial.  Should Plaintiffs discover new acts of infringement after this election of asserted claims, Plaintiffs may increase the number of asserted claims to address those new acts of infringement.

14.    Amendments to the Final Infringement Contentions may only be made by order of the Court upon a timely showing of good cause, said good cause to include recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Final Infringement Contentions.

I.    By **<u>March 27, 2024</u>**, Defendants shall serve their Initial Invalidity Contentions, which must identify as specifically as possible the following information:

1.    Each item of prior art that Defendants contend anticipates each specified claim.  Each prior art patent shall be identified by its number, country of origin, and date of issuance.  Each prior art publication must be identified

6

by its title, date of publication, and where feasible, author and publisher. Prior use under 35 U.S.C. § 102, or on sale activity under 35 U.S.C. § 102, shall be identified by specifying the item offered for sale or publicly used or known; the date the offer or use took place or the information became known; the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known; and the evidence Defendants will rely upon, including the names of any expected witnesses and a summary of their anticipated testimony.

2.    On a claim-by-claim basis, whether each item of prior art anticipates each asserted claim and/or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination of prior art that Defendants contend renders each specified claim obvious and the motivation to combine such items.

3.    A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that Defendants contend is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

4.    Any grounds of invalidity for any of the asserted claims based on indefiniteness, or lack of enablement, or written description, under 35 U.S.C. § 112.

7

5. A copy of each item of prior art identified by Defendants that does not appear in the file history of the patent at issue (together with any English translations of the documents).

6. Defendants shall serve Final Invalidity Contentions, which may amend the Initial Invalidity Contentions as of right, within fourteen (14) days after receiving Plaintiffs' Final Infringement Contentions.

7. Amendments to the Final Invalidity Contentions may only be made by order of the Court upon a timely showing of good cause, said good cause to include recent discovery of prior art despite earlier diligent search.

8. Simultaneously with their Final Invalidity Contentions, Defendants shall serve an election of asserted invalidity arguments that they intend to assert at trial. Defendants shall limit the asserted invalidity arguments to no more than five (5) invalidity arguments based on prior art under 35 U.S.C. §§ 102, 103.

J. **Claim Construction**: The parties shall identify claim terms for construction on **April 2, 2024**. The parties shall exchange proposed constructions, including an identification of any intrinsic and extrinsic evidence the party will use to support a proposed construction, by **April 9, 2024**. The parties shall exchange opening claim construction briefs on **April 23, 2024**. The parties shall exchange responsive claim construction briefs on **May 14, 2024**. The parties shall then seek the Court's guidance on a schedule for a claim construction hearing, if necessary.

K. **Expert Reports**: All expert reports for matters on which a party bears the burden of proof shall be served on or before **August 8, 2024**. All reports for matters on

8

which a party does not bear the burden of proof shall be served on or before **September 19, 2024**.

L.  All expert discovery shall be completed by **October 17, 2024**.

M.  **Dispositive and *Daubert* Motions:** The parties shall exchange opening briefs for all dispositive and *Daubert* motions on **November 14, 2024**.  The parties shall exchange responsive briefs for all dispositive and *Daubert* motions on **December 5, 2024**.  The parties shall exchange reply briefs for all dispositive and *Daubert* motions on **December 19, 2024**.

N.  The Final Pretrial Conference shall be conducted on **January 16, 2025**.

O.  All Rule 26(a)(3) Pretrial Disclosures shall be filed and served no later than **January 16, 2025**.

P.  All Objections to Rule 26(a)(3) Pretrial Disclosures, including trial exhibits, shall be filed and served no later than **January 30, 2025**.

## II.   SETTLEMENT CONFERENCE

A settlement conference may be requested at any time in the case.  The Court may refer the parties to consult with a Magistrate Judge regarding settlement.

## III.   OTHER MATTERS

A.  **Estimated Trial Time**:  The parties expect the trial of this matter to last approximately **five (5) trial days**.

B.  **Magistrate**:  The parties do not agree to proceed to trial before a Magistrate Judge.

C.  **Jury Trial**:  A jury trial has been demanded.

D.  **Electronic Service**:  The parties further agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to hand delivery.

9

The parties further agree that, if service is made by means other than electronic mail, a courtesy copy will be sent concurrently via electronic mail.

**SO STIPULATED.**

Dated:  December 20, 2023

By: */s/ Ahmed J. Davis*_____
    Ahmed J. Davis (Va. Bar No. 43982)
    adavis@fr.com
    FISH & RICHARDSON P.C.
    1000 Maine Avenue, SW, Suite 1000
    Washington, DC 20024
    Telephone: (202) 783-5070
    Facsimile: (202) 783-2331

    Jason W. Wolff (*Pro Hac Vice*)
    wolff@fr.com
    FISH & RICHARDSON P.C.
    12860 El Camino Real, Suite 400
    San Diego, CA 92130
    Phone: (858) 678-5070
    Fax: (858) 678-5099

    Jeremy T. Saks (*Pro Hac Vice*)
    saks@fr.com
    FISH & RICHARDSON P.C.
    7 Times Square, 20th Floor
    New York, NY 10036
    Tel: (212) 765-5070
    Fax: (212) 258-2291

    *Counsel for Plaintiffs* JCAI INC. and JCAI AMERICA INC.

By: */s/ Lesley McCall Grossberg*_____
    Jennifer Jackman
    Jen.Jackman@icemiller.com
    Kenneth Sheehan (*pro hac vice*)
    Ken.Sheehan@icemiller.com
    Ice Miller LLP
    200 Massachusetts Ave NW
    Suite 400
    Washington, DC 20001
    Telephone: (202) 807-4055
    Facsimile: (202) 807-4056

    Lesley McCall Grossberg (*pro hac vice*)
    Lesley.Grossberg@icemiller.com
    Ice Miller LLP
    1735 Market St., Suite 3900
    Philadelphia, PA 19103
    Telephone: (215) 377-5030
    Facsimile: (215) 377-5031

    Robert D. Keeler (*pro hac vice*)
    Robert.Keeler@icemiller.com
    Ice Miller LLP
    1500 Broadway, Suite 2900
    New York, NY 10036
    Telephone: (212) 824-4961
    Facsimile: (212) 824-4982

    *Counsel for Defendants Wiseleap Solutions Inc. and Emyode Services Conseils Inc.*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of Court on December 20, 2023 using the CM/ECF system which does send notification of such filing to all counsel of record.

/s/ Ahmed J. Davis
Ahmed J. Davis (Va. Bar No. 43982)
adavis@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

11